IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ashley Rojas,  Case No. 3:10CV1593

    Plaintiff

    v.  **ORDER**

Carolyn W. Colvin,

  Acting Commissioner of Social Security,

    Defendant

This is a social security disability case in which the plaintiff, following remand, which the Commissioner had requested, was granted benefits, including a back award. Now pending is her attorney's application for an award of fees. (Doc. 20),[1]

For the reasons that follow, I grant the fee application in part and deny it in part.

Plaintiff and her attorney have a fee agreement that counsel will receive twenty-five percent of the amount of any back benefit award. Presently seeking an award under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), counsel desires to use those funds, if received, to offset partially the amount otherwise due under the fee agreement.

I agree that and EAJA award is proper in this case. The only question is whether to grant

---

[1] Also pending is plaintiff's motion to compel production of an award letter. (Doc. 24). This motion responds to defendant's argument in her opposition to plaintiff's fee petition (Doc. 23) that the fee application is premature because no award letter has issued. Given the passage of time, I assume that the defendant has issued the award letter, so that this issue is moot. That being so, I deny plaintiff's motion to compel, without prejudice. .

the award, which includes a modest amount for expenses, *in toto*, or, as the Commissioner argues, reduce it for one or more of the reasons which the Commissioner argues justify a reduction.

I agree with the Commissioner that, rather than calculating the EAJA fee award solely on the basis of the fee agreement, I should do so on the basis of counsel's regular hourly billing rate of $350. I also agree that the hourly rate for one of his paralegals should be at her customary $40/hour, rather than the requestd $50/hour rate. Finally, I also agree that I should disallow the expenses for photocopying.[2]

I reject the Commissioner's that I should not award fees for the time spent by counsel's paralegals. The activities which they performed, and for which counsel seeks compensation are not of the sort that come within general overhead expenses. Reviewing e-mails, to which the Commissioner points specifically as noncompensable, is, in every sense of the word, para*legal* work. If an attorney did that work, he or she properly would receive a fee for doing so, as keepign current with what is going on in a case is essential. Having a paralegal do that sort of work results in a savings, and is not an unreasonable charge.

I also disagree with the Commissioner's contention that the hours which counsel and his staff expended were unreasonable. I also disagree with the Commissioner's assertion in her sur-reply that the hourly rate for fees resulting from preparation of the pleadings relating to the EAJA award should be $125. Counsel should receive compensation for that activity at the same

---

[2] I do so because I assume counsel prepared the complaint electronically and photocopied the additional copies, rather than simply printing them from the electronic version. If so, making photocopies, rather than printed copies, enhanced expenses unnecessarily. I do not decide whether photocopying expenses always are excludable from an EAJA fee award.

hourly rate as his other work on the case – $350.

Counsel has leave to submitted a revised fee petition in light of the foregoing and proposed order adopting the revised amount as his EAJA fee award. The Commissioner shall have two weeks thereafter to raise any challenges, except those I reject herein, to entry of the award in the requested amount.

It is, accordingly,

ORDERED THAT plaintiff's application for an award of fees under the Equal Access to Justice Act (Doc. 20) be, and the same hereby is granted in part and denied in part.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge